NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COMET TECHNOLOGIES USA, INC., a Delaware corporation; COMET, AG, a Swiss corporation; YXLON INTERNATIONAL, GMBH, a German corporation, | Nos. 23-15601, 23-15709, 25-745 |
| | D.C. No. 5:20-CV-06408-NC |
| Plaintiffs – Appellees/ Cross-Appellants, | MEMORANDUM* |
| v. | |
| XP POWER, LLC, a California Limited Liability Company, | |
| Defendant – Appellant/ Cross-Appellee. | |

Appeals from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Argued and Submitted September 19, 2025
San Francisco, California

Before: HAMILTON, R. NELSON, and BUMATAY, Circuit Judges.**
Dissent by Judge HAMILTON.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David F. Hamilton, United States Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

XP Power and Comet Technologies appeal the judgment following a trial for misappropriation of trade secrets. In the published opinion filed concurrently with this memorandum disposition, we vacate the judgment and remand for a new trial because of an erroneous jury instruction on the burden of proof. Here, we affirm the district court's evidentiary rulings excluding certain evidence offered by XP under Federal Rule of Evidence 403.

We are "highly deferential" to a district court's evidentiary rulings under Rule 403. *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1056 (9th Cir. 2015) (quoting *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 949 (9th Cir. 2009)). We reverse only if the district court's decision was "manifestly erroneous *and* prejudicial." *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). When we can glean a reasonable basis to support the district court's evidentiary rulings, we leave them undisturbed. The district court did not abuse its discretion here.

On appeal, XP does not challenge the denial of leave to amend its answer to raise an unclean hands defense based on Mason's newly discovered hard drives or the grant of summary judgment to Comet on an unclean hands defense on the theories XP timely raised. The excluded evidence, which XP contended showed Mason first took secrets from Advanced Energy to Comet before moving on to XP, went "more to that defense than to any other issue," as the district court said at trial.

2                                              23-15601, 23-15709, 25-745

It had only limited probative value on the issue of ownership. The excluded expert opinions and testimony show only that Advanced Energy used similar elements or similarly named elements in some of its designs. Mason's resume and testimony likewise show merely that Mason's previous work included a tuning approach he denied using at Comet and that a PowerPoint presentation contained information that he had used at Advanced Energy but did not use at XP. In short, the excluded evidence amounted to innuendo and insinuations that Comet, too, had engaged in trade-secret infringement, this time against Advanced Energy. And this theory and the evidence supporting it had been excluded by the district court. Given the evidence's limited probative value and the district court's concerns about a significant likelihood of jury confusion, the district court's exclusion of the challenged evidence appears reasonable rather than "manifestly erroneous." *Orr*, 285 F.3d at 773. Litigating the relationship between Advanced Energy and Comet's trade secrets was also likely to create a "confusing mini-trial" requiring the resolution of facts against a third party that had not participated in discovery. *United States v. Tsarnaev*, 595 U.S. 302, 321 (2022).

Accordingly, the district court did not err by excluding evidence under Rule 403 regarding Advanced Energy's possible ownership of disputed technology. For the reasons set forth in the published opinion filed concurrently herewith, however, the judgment of the district court is **REVERSED** and **REMANDED**.

*Comet Technologies, Inc. v. XP Power LLC*, Nos. 23-15601, 23-15709, 25-745
HAMILTON, Circuit Judge, dissenting:

I respectfully dissent on the issue of the exclusion of evidence tending to show that Advanced Energy was actually the owner of some of the trade secrets claimed by Comet in this case. We give district courts a great deal of deference in applying Rule 403, but there are limits. Here the district court went too far by excluding highly probative evidence on an essential element of Comet's claims, whether it owned all of the trade secrets at issue in this case. The district court underestimated the probative value of the evidence and exaggerated the risk of juror confusion about a different issue the jury was never going to hear.

1. To seek relief under the Defend Trade Secrets Act, a plaintiff must be an "owner" with "*rightful* legal or equitable title" to the trade secrets. *See* 18 U.S.C. §§ 1836(b)(1), 1839(4) (emphasis added). That is, Comet cannot recover under the DTSA for the theft of trade secrets it did not lawfully develop or acquire. *Cf. DTM Research, L.L.C. v. AT&T Corp.*, 245 F.3d 327, 331–33 (4th Cir. 2001) (plaintiff's mere possession sufficient under Maryland law). Ownership remained a live issue and part of Comet's burden of proof throughout the entire case, even after it won summary judgment on the unclean hands defense. The district court recognized as much before trial when it denied Comet's motion in limine to exclude evidence of ownership by third parties. The court should have stood by that ruling during the trial rather than reversing itself.

2.     The excluded evidence was highly probative of ownership.  Comet's redactions on appeal belie the idea that the evidence concerned only "similar elements or similarly named elements," as the majority asserts.  Comet identifies a particular sensor as a "perfect example" of mere similarity and asserts that it "did not argue that *all* [] sensors constituted a trade secret—rather that its *particular* [] sensor was part of Trade Secret E."  Appellee's Br. at 48.  The excluded evidence showed that Mason worked on that sensor while he worked at Advanced Energy, before he joined Comet.  Little more can be said about the sensor, or indeed about much of the rest of the excluded evidence, however, because so many of the details are sealed.  To that point, Comet has insisted that the mere *name* of this sensor is so sensitive that every mention of it had to be redacted from the briefs on appeal.  In its motion to seal portions of XP's opening brief, Comet wrote that its "interest in protecting its confidential and proprietary trade secrets outweighs the public's interest in access to the information," and Comet assured us that it "narrowly tailored its request to keep sealed only the most sensitive parts."  Comet redacted every instance of the name of this sensor from its own brief too, repeated its assurances about narrow tailoring, and warned of irreparable harm from allowing its competitors to "use Comet's own technologies to compete against it."  Given these statements, Comet's stance that the sensor Mason worked on at Advanced Energy was only a "particular" example of a broader class of trade secrets rings hollow.

3. The risk of juror confusion was minimal here. The unclean hands defense never would have been presented to the jury. Further, while ownership and unclean hands substantially overlapped on these facts, there is an important difference between the legal theories. Rebutting Comet's claims of ownership required XP to show only that Comet did not lawfully develop the trade secrets, whereas XP's unclean hands defense required it to show that Comet "dirtied" itself by stealing the secrets from Advanced Energy. *See Republic Molding Corp. v. B. W. Photo Utilities*, 319 F.2d 347, 349 (9th Cir. 1963). The district court was obligated to maintain this subtle distinction once it excluded the unclean hands defense but sent ownership to the jury. *Cf. Aguilar v. City of Los Angeles*, 853 F. App'x 92, 95–97 (9th Cir. 2021) (non-precedential) (reversing Rule 403 exclusion; court failed to maintain distinction established in its orders on motions in limine between evidence of officer following policy and objective reasonableness).

4. Finally, Advanced Energy's substantive rights were not threatened in this litigation because a verdict in Comet's favor on ownership could not have precluded Advanced Energy from bringing its own suit. *See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 329 (1971).

If the case is tried again, I hope the district court will take a fresh look at the ownership issue and at the relevant evidence from both sides. Admitting this

evidence on an essential element of Comet's claims would certainly not be an abuse of discretion.